GEORGINA MONAST *vs.* MANHATTAN LIFE INSURANCE CO.

MAY 2, 1913.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, and Vincent, JJ.

*(1)   Insurance.*

In an action to recover premiums paid to an insurance company by plaintiff under the belief that she was the beneficiary in a policy on the life of another, evidence considered and held;—insufficient to show that the policies were not binding contracts and were invalid on the ground that they were never delivered to the insured, but were in fact delivered to the plaintiff, who had no insurable interest and who was deceived by an insurance broker into the belief that they were written for her benefit and that she was named as a beneficiary therein

*(2)   Insurance.   Payment of Premiums.*

Where a policy was issued upon the application of the insured and was valid upon its face and the premiums had been paid regularly after notices sent and delivered to the insured and the policy was presented for payment by the administrator of the insured, statement made to the company by plaintiff's attorney, that plaintiff had paid the premiums and claimed that they should be repaid, and that the whole matter was a fraud and that an insurance broker had gotten the money away from plaintiff, was insufficient to charge the company with any notice of the invalidity of the contract of insurance, and the company was justified in treating the policy as a valid obligation and in leaving the plaintiff to deal with those who had defrauded her or for whose benefit she had advanced her money.

*(3)   Insurance.   Principal and Agent.*

One who is not the agent of an insurance company cannot make himself such by his own act.

*(4)   Insurance.   Principal and Agent.*

Where on an application for insurance under the caption "General or District Agents' statement," the name appears as having signed the same, "Signature of agent, A. Brophy," and on the proof of loss the administrator answered·that he made the last premium payment to "Brophy agent," the defendant company cannot be held by these statements to have either made, accepted or held him out as their agent so as to be affected with notice of fraud practiced by him upon plaintiff, but the statements are consistent with the fact that Brophy was an insurance broker with only such limited functions as pertain to that business.

ASSUMPSIT.   Heard on exceptions of plaintiff and overruled.

PARKHURST, J.   After the decision of this cause reported in 32 R. I. 557, and upon hearing of the parties upon leave to the plaintiff to show cause why judgment for the defendant should not be ordered, it was ordered by this court that the case be remitted to the Superior Court for a new trial.   Thereafter a new trial was had before the Presiding Justice of the Superior Court without a jury, and the Presiding Justice considered all the evidence which had been introduced before him at the first trial, as appearing by the transcript of the evidence taken at that trial, to be before him at the second trial, and heard such additional evidence as the parties saw fit to offer.   Thereupon the Presiding Justice filed his decision for the defendant, stating in effect that the new evidence offered on behalf of the plaintiff was purely negative in character, and insufficient to show that the policies of insurance were not binding contracts, and were invalid, on the ground set up by the plaintiff that they were never delivered to the insured, but were in fact delivered to the plaintiff, who had no insurable interest, and who was deceived by Brophy, who acted as an insurance broker, into the belief that the insurance was written for her benefit and she was named as a beneficiary in the policies.

To this decision the plaintiff excepted, and brought the case before this court upon her bill of exceptions.

We find no error in this decision. There is nothing in this new evidence to change the views of this court as expressed in its opinion reported in 32 R. I. 557. There is no evidence that Brophy was the agent of the defendant in any such way or to any such extent that through him the defendant was affected with notice of any fraud practiced upon the plaintiff; nor is there any evidence that the defendant company was affected with any notice of any facts or circumstances which would invalidate its contracts of insurance. The most that can be claimed from the notice given to the defendant and to the general agent Dunham by counsel for the plaintiff, that the plaintiff had paid the premiums, and claimed that they should be repaid, is that the defendant company might have inferred that the plaintiff would claim reimbursement from the administrator on the estate of Marchant the assured; and this appears to have been Dunham's understanding of the notice, if, as testified, he agreed to see the Marchants and endeavor to make some arrangement to that effect; or that it might have been inferred that she would make claim against Brophy who had, as she claimed, defrauded her in inducing her to pay these and other premiums. Neither counsel's letter to the defendant nor the vague and general statements claimed to have been made to Dunham by plaintiff's counsel "that the whole matter was a fraud from beginning to end, that Brophy had got this money away from this woman," &c., were sufficient to charge the defendant with any notice of the invalidity of the contracts of insurance, in the face of the facts, that the policies were issued upon the application of the insured and were valid upon their face, that the premiums had been regularly paid after notices sent to the insured in due course of business and shown by the evidence to have been delivered to him, and that the policies were presented for payment by the legally qualified administrator of the insured. In view of

all these facts the defendant company was justified in treating the policy which was paid (the other having lapsed for non-payment of premiums) as a valid obligation, and in leaving the plaintiff to deal with those who had actually defrauded her, or for whose benefit she had advanced her money; and defendant was under no obligation to refuse payment of the policy until she had been paid. There is no evidence to show whether or not the policies were ever actually delivered to the insured; but it is significant that the notices of accruing premiums thereon were duly mailed to and received by the insured, and it may fairly be inferred that, as the insured did not have the policies in his possession, he was well aware that they had been delivered to the plaintiff, and that if he did not actually order this delivery to her, he consented thereto and thereby ratified the act of Brophy in delivering them to the plaintiff; and it is entirely consistent with this course of dealing to infer that the insured was fully aware that the plaintiff was paying premiums for his benefit and consented thereto and was willing that the plaintiff should hold the policies as security for reimbursement from his estate. So that if the company had known all these facts it is by no means clear that it would have had any ground for setting up any defence to the payment of the loss by reason of the invalidity of the policies.

(3) Again the plaintiff claims that Brophy is to be deemed the agent of the defendant so as to affect the defendant with notice of fraud practised by him upon the plaintiff because Brophy's name appears on the application for the insurance under the caption "General or District Agents' Statement," as having signed the same, "Signature of Agent, A. Brophy;" and also because on the proof of loss signed by George E. Marchant, administrator, in answer to the question—"15. When and to whom was the last payment of premium made?" the answer is "Brophy, agent." As Brophy was not in fact the agent of the company, he could not make himself such by his own act; and it cannot be said that by

these statements the defendant made or accepted him as such or held him out as such. These papers were its own private papers, not published, and are entirely consistent with the fact that Brophy was an insurance broker and had only such limited functions as such as set forth in our former opinion.

The plaintiff's exceptions are overrruled and the case is remitted to the Superior Court with direction to enter judgment for the defendant in accordance with the decision of the Presiding Justice.

*Hugh J. Carroll, Waterman & Greenlaw,* for plaintiff.
*Charles E. Tilley,* of counsel.
*Gardner, Pirce & Thornley,* for defendant.
*William W. Moss,* of counsel.